

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* <br><br> ROLAND PETER LEARY, JR., <br>     Debtor | Ch. 7 <br><br> 20-10282-FJB |

**Order**

**MATTER:**

Telephonic Hearing:
#60 Objection to Claim of Exemption, Objection to Discharge and Motion for Determination of the Dischargeability of a Debt filed by Creditors Christopher and Amanda Corbin
#87 Reply filed by the Debtor

Telephonic hearing held on May 12, 2020. The matter before the Court has three parts: an objection to claim of exemption, an objection to discharge, and a motion for determination of the dischargeability of a debt.

The objection to claim of exemption does not specify the particular claims of exemption it objects to or the basis for objection to each. On or before July 13, 2020, the objecting parties, Christopher and Amanda Corbin, shall file an amended objection to claim of exemption that corrects these deficiencies. If nothing further is filed, the objection to claim of exemption will be overruled.

The objection to discharge fails to identify the statutory bases in 11 U.S.C. § 727(a) for objecting to discharge and fails to specify the facts that support each basis for objection. In addition, an objection to discharge must be filed as an adversary complaint under the Rules of Part VII of the Federal Rules of Bankruptcy Procedure, but at present it is asserted only in a letter filed in the bankruptcy case. On or before July 13, 2020, the objecting parties, Christopher and Amanda Corbin, shall file a complaint under the Rules of Part VII that, among other things, specifies each statutory basis on which it relies and the facts supporting each objection to discharge it asserts. If nothing further is filed, the objection to discharge will be overruled.

The motion for determination of the dischargeability of a debt fails to identify the subsections in 11 U.S.C. § 523(a) on which it relies for a determination of exception from discharge, and it fails to specify the facts on which, for each applicable subsection, such a determination would be supported. In addition, a request to determine the dischargeability of a debt must be filed as an

adversary complaint under the Rules of Part VII of the Federal Rules of Bankruptcy Procedure, but at present it is asserted only in a letter filed in the bankruptcy case. On or before July 13, 2020, the objecting parties, Christopher and Amanda Corbin, shall file a complaint under the Rules of Part VII that, among other things, specifies each statutory basis on which it relies and, for each such statutory basis, the facts supporting a determination of exception from discharge thereunder. If nothing further is filed, the motion for determination of the dischargeability of a debt will be denied.

By the Court,

Frank J. Bailey
United States Bankruptcy Judge

Dated: 5/13/2020